1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ANDREW MADRID,

11          Plaintiff,                    No. 2:11-cv-1607 WBS KJN P

12      vs.

13   TIM VIRGA,

14          Defendant.              <u>ORDER</u>

15   _____/

16          Plaintiff is a state prisoner proceeding without counsel.  Plaintiff seeks relief

17   pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to

18   28 U.S.C. § 1915.  This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1)

19   and Local Rule 302.

20          Plaintiff has submitted a declaration that makes the showing required by

21   28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.

23   28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing

24   fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court

25   will direct the appropriate agency to collect the initial partial filing fee from plaintiff's prison

26   trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to

1

1  make monthly payments of twenty percent of the preceding month's income credited to

2  plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to

3  the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing

4  fee is paid in full.  28 U.S.C. § 1915(b)(2).

5     The court is required to screen complaints brought by prisoners seeking relief

6  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

7  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

8  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

9  granted, or that seek monetary relief from a defendant who is immune from such relief.

10  28 U.S.C. § 1915A(b)(1),(2).

11     A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

12  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

13  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

14  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

15  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

16  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

17  Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.

18  2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably

19  meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at

20  1227.

21     Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

22  plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

23  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

24  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47

25  (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more

26  than "a formulaic recitation of the elements of a cause of action;" it must contain factual

allegations sufficient "to raise a right to relief above the speculative level."  Id.  However,

"[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair

notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551

U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal

quotations marks omitted).  In reviewing a complaint under this standard, the court must accept

as true the allegations of the complaint in question,  id., and construe the pleading in the light

most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Plaintiff includes various conclusory allegations without specifically identifying

the defendant who allegedly violated plaintiff's constitutional rights.  Plaintiff is advised that the

Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

Monell v. Department of Social Servs., 436 U.S. 658, 692 (1978) ("Congress did not intend

§ 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976)

(no affirmative link between the incidents of police misconduct and the adoption of any plan or

policy demonstrating their authorization or approval of such misconduct).  "A person 'subjects'

another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an

affirmative act, participates in another's affirmative acts or omits to perform an act which he is

legally required to do that causes the deprivation of which complaint is made."  Johnson v.

Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff must provide factual allegations in the complaint that give defendants fair

notice of plaintiff's claims.  While detailed factual allegations are not required, "[t]hreadbare

recitals of the elements of a cause of action, supported by mere conclusory statements, do not

1  suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp., 550 U.S. at

2  555). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief

3  that is plausible on its face.'" Id. (quoting Bell Atlantic Corp., 550 U.S. at 570).

4          Moreover, supervisory personnel are generally not liable under § 1983 for the

5  actions of their employees under a theory of respondeat superior and, therefore, when a named

6  defendant holds a supervisorial position, the causal link between him and the claimed

7  constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862

8  (9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v.

9  Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979) (no liability where

10  there is no evidence of personal participation).  Vague and conclusory allegations concerning the

11  involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board

12  of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of

13  personal participation is insufficient).

14          Plaintiff claims unidentified persons are allegedly deliberately poisoning, with rat

15  poison, the coffee dispensed to inmates.  This vague allegation is insufficient to state a

16  cognizable claim under the Eighth Amendment.  Plaintiff does not allege he drank the coffee and

17  became ill.  Plaintiff has not alleged that he has suffered a serious injury or illness as a result of

18  this condition, nor identified the persons he alleges committed this act.  Plaintiff must allege facts

19  that demonstrate the acting defendant was aware of the risk of harm yet deliberately ignored it.

20          Plaintiff claims he is being denied educational resources.  This allegation fails to

21  state a cognizable civil rights claim.  Inmates have no constitutional right to education or

22  rehabilitation.  Rizzo v. Dawson, 778 F.2d 527, 530-31 (9th Cir. 1985).  Plaintiff should not

23  renew this claim in any amended complaint.

24          Plaintiff claims he is "deliberately being denied access to all legal action resources

25  at the prison." (Dkt. No. 1 at 2.)  In order to state a cognizable civil rights claim concerning

26  access to the courts, plaintiff must demonstrate he has sustained an actual injury.  An inmate has

4

a constitutionally protected right of meaningful access to the courts.  Bounds v. Smith, 430 U.S. 817, 820-21 (1977).  A prisoner claiming that his right of access to the courts has been violated must show that:  1) plaintiff's access was so limited as to be unreasonable; and 2) the inadequate access caused actual injury.  Vandelft v. Moses, 31 F.3d 794, 797 (9th Cir. 1994).  A prisoner cannot make conclusory declarations of injury, but instead must demonstrate that a non-frivolous legal claim has been frustrated or impeded.  To prevail, however, it is not enough for an inmate to show some sort of denial.  An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim."  Lewis v. Casey, 518 U.S. 343, 348 (1996).

In Lewis v. Casey, the United States Supreme Court held that prison inmates have a constitutionally protected right to access the courts to bring civil rights actions to challenge their conditions of confinement and to bring challenges to their criminal convictions.  Id. at 351. The right of access to the courts "guarantees no particular methodology but rather the conferral of a capability—the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts."  Id. at 356.  Under Lewis v. Casey, prison officials violate this constitutional right to access the courts if, by their acts, they prevent an inmate from bringing, or caused an inmate to lose, an actionable claim of this type.  Id.

Therefore, plaintiff should not renew any access to courts claim absent his ability to demonstrate that a particular defendant's interference with plaintiff's access to the courts caused plaintiff to suffer an actual injury as defined in Lewis v. Casey.[1]

Plaintiff alleges he is being subjected to defamation of character and slander. However, plaintiff cannot state a cognizable civil rights violation for defamation of character or slander.  Allegations of harassment, embarrassment, and defamation are not cognizable under

---

[1] However, plaintiff's filings in this action demonstrate plaintiff's access to the courts is not being obstructed.  Aside from the complaint, plaintiff has filed four separate documents in this case.

§ 1983.  Gaut v. Sunn, 810 F.2d 923 (9th Cir. 1987) (no claim stated when threatened with bodily harm if inmate pursued legal redress).  This claim should not be included in any amended complaint.

Finally, plaintiff alleges unnamed defendants have verbally threatened plaintiff and called his family members names.  However, an allegation of mere threats alone fails to state a claim of cruel and unusual punishment under the Eighth Amendment.  Gaut, 810 F.2d at 925; see Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (neither verbal abuse nor the use of profanity violate the Eighth Amendment).  These allegations do not raise a cognizable claim for violation of the Eighth Amendment and should not be included, without more, in any third amended complaint.

The court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief.  The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Cmty Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiffs claim.  Id.  Because plaintiff has failed to comply with the requirements of Federal Rule of Civil Procedure 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights.  Rizzo v. Goode, 423 U.S. 362, 371 (1976).  Also, the complaint must allege in specific terms how each named defendant is involved.  Id.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy,

588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official

participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266,

268 (9th Cir. 1982).

In addition, plaintiff is hereby informed that the court cannot refer to a prior

pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that

an amended complaint be complete in itself without reference to any prior pleading.  This

requirement exists because, as a general rule, an amended complaint supersedes the original

complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended

complaint, the original pleading no longer serves any function in the case.  Therefore, in an

amended complaint, as in an original complaint, each claim and the involvement of each

defendant must be sufficiently alleged.

Finally, plaintiff concedes he has failed to exhaust his administrative remedies

prior to filing the instant action.  Plaintiff has filed a motion in which he asks the court to

"dismiss the administrative remedies requirement."  (Dkt. No. 6.)  Plaintiff is informed that the

court cannot waive or dismiss the exhaustion requirement.

The Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. § 1997e

to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C.

§ 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional

facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

Exhaustion in prisoner cases covered by § 1997e(a) is mandatory.  Porter v. Nussle, 534 U.S.

516, 524 (2002).  Exhaustion is a prerequisite for all prisoner suits regarding conditions of

confinement, whether they involve general circumstances or particular episodes, and whether

they allege excessive force or some other wrong.  Porter, 534 U.S. at 532.

Exhaustion of all "available" remedies is mandatory; those remedies need not

meet federal standards, nor must they be "plain, speedy and effective."  Id. at 524; Booth v.

Churner, 532 U.S. 731, 740 n.5 (2001).  Even when the prisoner seeks relief not available in

grievance proceedings, notably money damages, exhaustion is a prerequisite to suit.  Booth, 532 U.S. at 741.  A prisoner "seeking only money damages must complete a prison administrative process that could provide some sort of relief on the complaint stated, but no money." Id. at 734. The fact that the administrative procedure cannot result in the particular form of relief requested by the prisoner does not excuse exhaustion because some sort of relief or responsive action may result from the grievance.  See Booth, 532 U.S. at 737; see also Porter, 534 U.S. at 525 (purposes of exhaustion requirement include allowing prison to take responsive action, filtering out frivolous cases, and creating administrative records).

        As noted above, the PLRA requires proper exhaustion of administrative remedies. Woodford v. Ngo, 548 U.S. 81, 83-84 (2006).  "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 90-91.  Thus, compliance with prison grievance procedures is required by the PLRA to properly exhaust.  Id.  The PLRA's exhaustion requirement cannot be satisfied "by filing an untimely or otherwise procedurally defective administrative grievance or appeal."  Id. at 83-84.

        The State of California provides its prisoners the right to appeal administratively "any departmental decision, action, condition or policy which they can demonstrate as having an adverse effect upon their welfare."  Cal. Code Regs. tit. 15, § 3084.1(a) (2010).  It also provides them the right to file appeals alleging misconduct by correctional officers and officials.  Id. at § 3084.1(e).  In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal:  (1) informal resolution; (2) formal written appeal on a 602 inmate appeal form; (3) second level appeal to the institution head or designee; and (4) third level appeal to the Director of the California Department of Corrections and Rehabilitation.  Barry v. Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997) (citing Cal. Code Regs. tit. 15, § 3084.5).  A final decision from the Director's level of review satisfies the exhaustion requirement under § 1997e(a).  Id. at 1237-38.

1    Plaintiff has provided a copy of the first level screening which screened out

2 plaintiff's grievance concerning "living conditions." (Dkt. No. 6 at 4.)  The appeals coordinator

3 provided specific reasons for the screening out of this grievance, giving plaintiff specific

4 guidance on how he might rectify the grievance.  For example, plaintiff "fails to state facts or

5 specify an act or decision consistent with the allegation."  (Id.)  Because the exhaustion

6 requirement is mandatory, plaintiff cannot simply rely on the fact that his grievance was

7 screened-out and then file a complaint in federal court.  Plaintiff must continue his efforts to

8 exhaust his administrative remedies through the Director's Level prior to filing in federal court.

9 The Supreme Court requires prisoners to first exhaust administrative remedies before filing in

10 federal court; this court is bound by that authority.  Porter, 534 U.S. at 532.  Thus, plaintiff's

11 motion is denied.  Plaintiff is cautioned that if he continues to pursue this action without first

12 exhausting his administrative remedies, plaintiff will risk dismissal of this action based on

13 plaintiff's failure to first exhaust his administrative remedies.

14    In accordance with the above, IT IS HEREBY ORDERED that:

15        1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

16        2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

17 Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

18 § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

19 Director of the California Department of Corrections and Rehabilitation filed concurrently

20 herewith.

21        3.  Plaintiff's complaint is dismissed.

22        4.  Within thirty days from the date of this order, plaintiff shall complete the

23 attached Notice of Amendment and submit the following documents to the court:

24            a.  The completed Notice of Amendment; and

25            b.  An original and one copy of the Amended Complaint.

26 ////

9

1  Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the

2  Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must

3  also bear the docket number assigned to this case and must be labeled "Amended Complaint."

4  Failure to file an amended complaint in accordance with this order may result in the dismissal of

5  this action.

6          5.  Plaintiff's June 27, 2011 motion (dkt. no. 6) is denied.

7  DATED:  July 26, 2011

8

9

10          KENDALL J. NEWMAN
           UNITED STATES MAGISTRATE JUDGE

11  madr1607.14

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

10

1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ANDREW MADRID,

11              Plaintiff,                    No. 2:11-cv-1607 WBS KJN P

12        vs.

13   TIM VIRGA,                               NOTICE OF AMENDMENT

14              Defendants.

15   _____/

16              Plaintiff hereby submits the following document in compliance with the court's

17   order filed _____:

18              _____       Amended Complaint

19   DATED:

20

21                                           _____

22                                           Plaintiff

23

24

25

26